IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| James C. Mason, *et al.*, | ) | |
|         Plaintiffs, | ) | |
| | ) | Case No. 17 CV 50307 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Community Unit School Dist. No. 428, *et al.*, | ) | |
|         Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs believe that the public schools in DeKalb, Illinois, have been enrolling more than a thousand students who do not live within the school district's boundaries. They alleged the practice has cost them millions of dollars in unnecessary property taxes and caused property values to drop. The court dismissed the plaintiffs' claims in their entirety and awarded costs. Dkt. 101. Now the defendants seek fees as the prevailing parties. *See* 42 U.S.C. § 1988(b). For the reasons that follow, the defendants' motion for fees [134] is granted.

**Background**

The following facts are from the First Amended Complaint, which for purposes of resolving the motion to dismiss Judge Pallmeyer accepted as being true and viewed in the light most favorable to the plaintiffs. The plaintiffs own 735 real estate units in in DeKalb, Illinois, and pay about $1.2 million each year in property taxes, about 60% of which has gone to DeKalb public schools. Meanwhile, the defendants encouraged about 1,200 students who live outside the school district's boundaries to enroll, in violation of residency and tuition payment requirements in the Illinois School Code. As a result, about 15% of the tax revenues DeKalb public schools received each year was spent educating out-of-district students. The plaintiffs alleged numerous constitutional violations under 42 U.S.C. §§ 1983, 1985 and 1986, and sought damages including the return of alleged tax overpayments from 2007 to 2018, plus an injunction requiring the defendants to conduct a residency investigation.

Judge Pallmeyer granted the defendants' motion to dismiss. She gave two reasons for the dismissal: "[T]he court grants Defendants' motion to dismiss because (1) the principle of comity counsels against adjudicating Plaintiffs' claims and (2) the Tax Injunction Act, 28 U.S.C. § 1341, divests the court of jurisdiction over Plaintiffs' request for injunctive relief." Order [101] at 2. Following the dismissal, Judge Pallmeyer entered judgment in favor of the defendants and allowed them costs. Dkt. 102. The defendants have now filed a motion to recover their fees under 42 U.S.C. § 1988(b).

## Analysis

Under 42 U.S.C. § 1988(b), a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in proceedings to enforce certain civil rights violations, including under 42 U.S.C. §§ 1983, 1985 and 1986. A plaintiff is ordinarily entitled to fees just for prevailing. *See Fox v. Vice*, 563 U.S. 826, 833 (2011). But a defendant is not entitled to fees just because it prevailed; rather it faces the additional hurdle of a finding that the plaintiff's action was "'frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

### 1. Prevailing Party

The plaintiffs object to any award of fees to the defendants on two grounds. First, they contend that the defendants were not the prevailing parties because their claims were dismissed not on the merits, but rather out of concerns for comity. A defendant need not prevail on the merits to be considered a prevailing party under § 1988. In *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1649-50 (2016), an employer successfully obtained the dismissal of all but two claims brought against it by the EEOC, settled one of the two remaining claims, and the EEOC withdrew the other remaining claim. Thus, all of the claims were resolved without any determination of the merits. The Supreme Court held that the employer was the prevailing party under the applicable fee shifting statute, even though the claims were never decided on the merits. *Id.* at 1651-53. Although *CRST Van* involved the fee shifting statute under Title VII, *see* 42 U.S.C. § 2000e-5(k), the Supreme Court noted that it construed the phrase "prevailing party" consistently for each civil rights statute in which it appears, including § 1988, and in fact supported its decision by citing § 1988 precedent. *Id.* at 1646, 1652.

The plaintiffs do not acknowledge *CRST Van Expedited*, and instead rely on two Supreme Court cases that pre-date it for their contention that under § 1988 a party prevails only by obtaining a "judgment on the merits," or a "court ordered consent decree." Resp. [144] at 7 (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001) and *Hanrahan v. Hampton*, 446 U.S. 754 (1980)). But both *Buckhannon* and *Hanrahan* address what a *plaintiff* must accomplish to be a prevailing party, and provide no guidance on the issue squarely addressed in *CRST Van* of when a defendant is the prevailing party.

The defendants here obtained dismissal of all of the claims against them, same as the employer in *CRST Van* except for the one settled claim. Under the same analysis, the defendants here are prevailing parties, even in the absence of any decision on the merits.

### 2. Frivolous, Unreasonable, or Without Foundation

As noted earlier, a defendant cannot obtain fees under § 1988 merely because it prevailed. Rather, a defendant may obtain fees only if the plaintiff's claims were frivolous, meritless, or without grounds. "[W]hen a civil rights suit is lacking in any legal or factual basis . . . an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded

2

with baseless litigation." *Munson v. Milwaukee Bd. of School Directors*, 969 F.2d 266, 269 (7th Cir. 1992) (internal quotation marks and citations omitted). Relevant factors include whether the claim is one of first impression, and whether it is based on a real threat of injury to the plaintiff. *See Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981). But a defendant is not required to show either subjective or objective bad faith by a plaintiff. *Munson*, 969 F.2d at 269. The decision whether to award a defendant fees under § 1988 is left to the sound discretion of the court. *Id.*

The plaintiffs' attempt to litigate state taxation issues in federal court was frivolous and without grounds from the outset. The doctrine of comity has long counseled federal courts to resist engaging in cases involving certain issues falling within the jurisdiction of the states. *See Younger v. Harris*, 401 U.S. 37, 43 (1971). The U.S. Supreme Court recognized that taxation was one of those issues nearly 90 years ago. *See Matthews v. Rodgers*, 284 U.S. 521, 525-26 (1932) ("the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts . . ."). The doctrine's applicability to cases involving state taxation has been reaffirmed through the years. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010); *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 107 (1981). Therefore, the issue is not one of first impression. Although the plaintiffs alleged that their threat of being overtaxed was real, courts have long held that the proper forum to address such threats was in a state forum, and in Illinois that available forum is the county board of review. Order [101] at 8-9. This long history of jurisprudence should have alerted the plaintiffs before they ever filed suit that the doctrine of comity barred their claims from proceeding in a federal forum.

Although plaintiffs' claims squarely fall within the comity doctrine, the plaintiffs nevertheless argue that their claims were not frivolous for several reasons. First, they contend that comity is an equitable, not jurisdictional, bar, and so to conclude that their claims were frivolous would be "tantamount to saying Plaintiffs knew or should have known how this Court would exercise its discretion." Response [144] at 10. But the plaintiffs do not identify any authority that gives a court discretion to set aside concerns over comity and proceed with a state taxation case. Nor have they proffered any reason for exercising such discretion if it existed, either in their response to the motion for fees or in opposition to the motion to dismiss.

Next, they contend that their claims were not frivolous because DeKalb School Board member Jeff Hallgren put them up to filing this lawsuit so that "the School Board would have to act." Response [144] at 2. But, again, they point to no authority supporting their position that a claim is not frivolous because a school board member told them to file it. Maybe the plaintiffs were attempting to assert estoppel – that the defendants cannot now obtain fees spent fighting a frivolous claim that someone associated with the defendants encouraged them to file. But the response never mentions estoppel or refers to any authority supporting its application here, and so the assertion is forfeited. *See Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 508 (7th Cir. 2020). And regardless of the impetus of the litigation, parties and counsel have a duty to ensure after reasonable inquiry that claims are warranted by existing law or a non-frivolous argument for extending, modifying, or reversing existing or established law. Fed. R. Civ. P. 11(b)(2). That did not occur here.

Finally, the plaintiffs contend that their claims were not frivolous because after they filed suit, the school board made changes to the district's residency verification and registration processes. Again, the plaintiffs have cited no authority to support their contention, or even established that the changes were made because of this lawsuit. There is simply no evidence of causation here. Plaintiffs' assertion is pure speculation. The changes may have been made simply because of the public airing of the issue, rather than because of the filing of a federal lawsuit doomed to failure. This issue is undeveloped, unsupported, and forfeited. *Id.*

The Court therefore finds not only that the defendants prevailed, but also that the plaintiffs' attempts to litigate state taxation issues in federal court was frivolous and without grounds. In an exercise of its discretion, the Court finds that the defendants are entitled to recover their reasonable fees under § 1988.

### 3. Amount of Fee

A court may determine the reasonableness of a fee award by evaluating whether the reasonableness of the number of hours counsel spent as well as counsel's hourly rate. *Murphy v. Smith*, 864 F.3d 583, 586 (7th Cir. 2017) (explaining the lodestar method of calculating a reasonable attorney fee under § 1988). The defendants have not provided to the Court their billing records. But according to a joint statement signed by both sides, the defendants gave their billing records to the plaintiffs, the fees total $136,476.60, and "there is unlikely to be a dispute regarding the reasonableness of the fees incurred by Movants as Respondents incurred substantially more attorneys' fees (with their previous attorney) over the same period. As such, the primary dispute is not about the amount of fees but rather whether the Movants are entitled to be awarded the fees under the facts of this case." Motion [134], Ex. A at 2. The absence of billing records leaves the Court unable to assess the reasonableness of the fees sought for itself. But given the joint statement, the fact that plaintiffs' counsel incurred higher fees than defense counsel, and the fact that in their response brief the plaintiffs have not taken issues with either the hours spent or hourly rates, the Court awards the full $136,476.60 in fees sought. In the joint statement, the defendants contend that their fees continue to accrue and their request would be updated or supplemented. *Id.* at 1. But the defendants never filed an update or supplement and so the award is limited to the amount sought.

The Court notes that although the defendants' motion is one for fees, it also refers to costs in the amount of $19,116.35 the defendants want included in their award. The recovery of costs is governed by Local Rule 54.1, which requires the prevailing party to "file a bill of costs with the clerk and serve a copy of the bill on each adverse party" within "30 days of the entry of judgment allowing costs." Failure to do so waives costs. *Id.* Judge Pallmeyer's order allowing costs was entered on September 5, 2019, but the defendants have never filed a bill of costs. Even if the plaintiffs' motion to reconsider [104] and appeal [108] stayed the 30-day deadline, the plaintiffs voluntarily dismissed their appeal on October 17, 2019, Dkt. 113, and withdrew the motion to reconsider on October 30, 2019. Dkt. 121. The Court can extend the deadline, but only "on motion filed within the time provided for the filing of the bills of costs," and the time provided has long passed. L.R. 54.1(a). In the absence of a timely bill of costs, the defendants have provided the Court no basis for awarding costs.

## CONCLUSION

      For the reasons given, the defendants' motion for fees [134] is granted. Fees are awarded in the requested amount of $136,476.60. Because the motion is granted, the defendants' motion to strike filings of former plaintiffs' counsel [145] is denied as unnecessary.

Date: March 29, 2021      By: _____
                                               Iain D. Johnston
                                             United States District Judge